**Maurice BROWN, H–5636, Plaintiff,**

v.

**Joseph R. BRIERLEY, Defendant.**

**Civ. A. No. 70862.**

United States District Court,
W. D. Pennsylvania.

July 23, 1970.

Maurice Brown, pro se.

William C. Sennett, Atty. Gen., Harrisburg, Pa., for defendant.

## MEMORANDUM OPINION

GOURLEY, District Judge.

This is a Civil Rights Complaint filed by an inmate of the State Correctional Institution at Pittsburgh, Pennsylvania, against the Warden of that institution. It is alleged that, on July 9, 1970, plaintiff was called from his job in the paint shop of said institution and confined to his own cell. On July 10, 1970, plaintiff wrote and signed the instant Complaint. It is his contention that his confinement to his cell, without being afforded an explanation of the reasons for the confinement and without being afforded a hearing upon the charges forming the basis for his confinement, violates his right to procedural due process.

In particular, plaintiff relies upon the case of Sostre v. Rockefeller, 312 F.2d 863 (S.D.N.Y.1970), decided May 14, 1970. In certain instances where major punitive restrictions are imposed upon a prisoner for conduct within an institution, prison administration officials may be required to afford the prisoner procedural due process, including a right to a hearing upon the charges against him. However, there are no facts alleged in the Complaint which would warrant affording such a right here. In the *Sostre* case, *supra*, and in the case of Wright v. McMann, 387 F.2d 519 (2d Cir. 1967), cited therein, the confinement to which the plaintiffs were subjected and the circumstances attendant thereto were considerably more severe than in the instant case. Plaintiff alleges herein only that he was confined to his own cell, not that he was subject to the abuses established in the case of Wright v. McMann, *supra*, or to the extended solitary confinement and arbitrary restraints present in the *Sostre* case, *supra*.

The Court does not find that the Fourteenth Amendment requires that a formal charge, hearing, and right to counsel is required in every instance where prison officials exercise discretion to discipline a penal inmate. Such procedural safeguards were not requisite in the circumstances alleged herein.

Now, therefore, this 23rd day of July 1970, the Civil Rights Complaint is dismissed for failing to state a claim upon which relief can be granted. Leave to appeal in forma pauperis is denied.